1  Evan R. Moses CA Bar No. 198099
   evan.moses@ogletree.com
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   400 South Hope Street, Suite 1200
3  Los Angeles, CA 90071
   Telephone:  213.239-9800
4  Facsimile:   213.239.9045

5  Patricia A. Matias CA Bar No. 254125
   patricia.matias@ogletree.com
6  Nardo J. Catahan CA Bar No. 285741
   nardo.catahan@ogeltree.com
7  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   695 Town Center Drive, Suite 1500
8  Costa Mesa, CA 92626
   Telephone:  714.800.7900
9  Facsimile:   714.754.1298

10 Attorneys for Defendant,
   AUTOZONERS, LLC
11
                     **UNITED STATES DISTRICT COURT**
12
                     **CENTRAL DISTRICT OF CALIFORNIA**
13

14 | | |
|---|---|
| DANIEL FIGUEROA, | Case No. 2:18-CV-01106-ODW-MRWx |
| Plaintiff(s), | Assigned for all purposes to: |
| vs. | District Judge:  Otis D. Wright, II<br>Magistrate Judge:  Michael R. Wilner |
| AUTOZONERS, LLC, a Nevada limited liability company; and DOES 1-100, inclusive, | **DECLARATION OF TODD WILLIAMS IN SUPPORT OF DEFENDANT AUTOZONERS, LLC'S MOTION TO COMPEL ARBITRATION AND STAY MATTER, OR,  IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FED. R. CIV. 12(B)(1)** |
| Defendant(s). | |
| | *[Notice of Motion; Memorandum of Points and Authorities; Declaration of Patricia A. Matias; Request for Judicial Notice; and [Proposed] Order filed concurrently herewith]* |
| | Complaint Filed: February 12, 2018<br>Hearing Date:     June 4,  2018<br>Hearing Time:    1:30 p.m.<br>Location:           Courtroom 5D |

# DECLARATION OF TODD WILLIAMS

I, TODD WILLIAMS, declare and state as follows:

1. I am the Managing Attorney, Policy & Compliance and the custodian of policy and procedure records for AutoZoners, LLC ("AutoZone"). I have held this position since June 2017. In my capacity as Managing Attorney, Policy & Compliance, I am responsible for the publishing, retaining, and monitoring of AutoZone policies and procedures company-wide, including archived policies and procedures that are no longer in effect. In my capacity as Managing Attorney, Policy & Compliance, I am required to be familiar with and comply with AutoZone's record retention policies, governing policy, and procedure for document retention. Furthermore, I am required to be familiar with and am familiar with AutoZone's online Policy Center application, which allows new hires and employees to access and fill out various documents. By virtue of my job duties, I am familiar with the electronic records generated in Policy Center, including employees' review and acknowledgement of various documents.

2. I make this declaration in support of AutoZone's Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration and Stay Action in the United States District Court, Central District of California case of *Daniel Figueroa v. AutoZoner, Inc., et al.*, Case No: 2:18-CV-01106-ODW-MRWx. I have personal knowledge of the facts set forth below and, if called upon as a witness, I could and would competently testify thereto.

3. Attached hereto as Exhibit A is a true and correct copy of the "AutoZone Dispute Resolution Agreement" ("the Agreement" or "DRA"). The Agreement is published electronically in the Policy Center and is maintained within the Policy Center application, which is accessed by employees by the company intranet Daily Online Communications, or "DOC." As AutoZone rolls out new policies and procedures, AutoZone may require that employees acknowledge certain new policies in Policy Center. Employees access Policy Center policies and

1 procedures on Policy Center via pass-through authentication on DOC which requires 2 a unique user ID and password.  Policy center uses that unique ID to track the time 3 and date on which an employee acknowledges a new policy or procedure.

4     4.    Since its publication, the Agreement has been maintained in Policy 5 Center.  Beginning in November 2011, AutoZone gave both new and existing 6 employees the option of consenting to final and binding arbitration under the 7 Agreement.

8     5.    Employees were asked to apply their electronic signature in Policy 9 Center as acknowledgement of their receipt of the Agreement.  Upon opening the 10 Agreement in Policy Center, a text box banner displayed at the bottom of the page 11 with the user's first and last name and user ID and asked the employee to verify his 12 or her user ID and acknowledge the policy.  Employees acknowledged the 13 Agreement by checking the box in the text box banner and clicking the SUBMIT 14 button.  At the same time the acknowledgement banner appeared on the screen, 15 employees, including Mr. Figueroa, were able to view and read the Agreement prior 16 to pressing the SUBMIT button.

17     6.    The Policy Center allows employees to log in, view a document, log 18 out, and log back in to sign and acknowledge receipt of the document at a later time. 19 The Policy Center also allows employees to save or print a document.  Accordingly, 20 it is possible for employees to view the Agreement, consult with a third person 21 regarding the Agreement, and then log back in to the Policy Center to sign 22 acknowledgement of the Agreement.

23     7.    Attached hereto as Exhibit B is a true and correct copy of the Policy 24 Center Policy Compliance Report ("Policy Compliance Report") for Mr. Figueroa. 25 Once Mr. Figueroa and other AutoZone employees acknowledged the Agreement by 26 checking the box and clicking SUBMIT, their electronic signatures were retained on 27 the Policy Compliance Report. The Policy Compliance Report is an electronically 28 generated log/report that records AutoZone employees' acknowledgement of

documents in Policy Center. The Policy Compliance Report is maintained in AutoZone's electronic Policy Center application. I am familiar with these Policy Compliance Reports and they information they record, as well as how to interpret them. As evidenced on Exhibit B, Mr. Figueroa acknowledged the Agreement in Policy Center on March 13, 2013.

8. AutoZone has continuous access to these electronic records of compliance through the Policy Compliance Report and relies on them to determine whether an employee has evaluated and signed the applicable policies, including the Agreement. AutoZone has a substantial interest in the accuracy of these records, as they are one of the primary means of: (1) verifying that an employee has received the information presented in the Policy Center, which contains a number of important policies; (2) verifying that the employee has provided certain information required for human resources and payroll purposes; and (3) verifying that the employee has agreed to abide by various company rules.

9. Exhibits A and B are maintained in the usual course of business for AutoZone. The records attached hereto are the original or exact duplicates of the original.

I declare under penalty of perjury under the laws of the United States of America, the State of California, and the State of Tennessee that the foregoing is true and correct.

Execute this 30th day of April 2018, at Memphis, Tennessee.

_____
Todd Williams

3          Case No. 2:18-CV-01106-ODW-MRWx
DECLARATION OF TODD WILLIAMS IN SUPPORT OF RESPONDENT AUTOZONERS, LLC'S MOTION TO COMPEL ARBITRATION

# EXHIBIT A

# AutoZone Dispute Resolution Agreement

| | |
|---|---|
| **Purpose** | The purpose of this document is to provide AutoZoners whose original hire date is November 1, 2011 or later with AutoZone's Dispute Resolution Agreement. This document does not apply to AutoZoners whose original hire date is prior to November 1, 2011. |
| **Introduction** | This Dispute Resolution Agreement (Agreement) is intended to provide a timely and fair procedure for you ("AutoZoner") and AutoZone to resolve disputes that arise out of your employment. AutoZoners are encouraged to initially address any concerns, questions, complaints and disputes through AutoZone's **Problem Solving Procedure**, and this Agreement is not intended to be a substitute for the utilization of this procedure.<br><br>**Reference:** Policy Center/*Handbook and Code of Conduct*/**Problem Solving Procedure** |
| **Arbitration requirement** | Except as otherwise noted, this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial. |
| **Applicable law** | This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. Section 1 et seq. and is a transaction involving commerce. |

*Continued on next page*

## AutoZone Dispute Resolution Agreement, Continued

**Applicable disputes**

This Agreement applies to any dispute arising out of or related to AutoZoner's employment with AutoZone or one of its affiliates, subsidiaries or parent companies or termination of employment.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law. Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the Agreement. The Agreement also applies, without *limitation*, to disputes regarding the employment relationship, any city, county, state or federal wage- hour law, trade secrets, unfair competition, compensation, breaks and rest periods, uniform maintenance, training, termination, retaliation, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims (excluding workers compensation, state disability insurance and unemployment insurance claims).

**Administrative claims**

Claims may be brought before an administrative agency but only to the extent applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

**Disputes not covered**

Disputes that may not be subject to pre-dispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) are excluded from the coverage of this Agreement.

*Continued on next page*

## AutoZone Dispute Resolution Agreement, Continued

| | |
|---|---|
| **Fee responsibility** | Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, AutoZone will pay the arbitrator's and arbitration fees. If under applicable law AutoZone is not required to pay all of the arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with applicable law, and any disputes in that regard will be resolved by the arbitrator. |
| **Arbitrator selection** | The arbitrator shall be selected by mutual agreement of AutoZone and the AutoZoner. Unless the AutoZoner and AutoZone mutually agree otherwise, the arbitrator shall be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted. If for any reason the parties cannot agree to an arbitrator, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral arbitrator. The court shall then appoint an arbitrator, who shall act under this Agreement with the same force and effect as if the parties had selected the arbitrator by mutual agreement. |
| **Arbitration location** | The location of the arbitration proceeding shall be no more than 45 miles from the place where the AutoZoner last worked for AutoZone, unless each party to the arbitration agrees in writing otherwise. If the AutoZoner no longer resides in the general geographical vicinity where he or she last worked for AutoZone, the AutoZoner and AutoZone shall agree to a location of the arbitration within 45 miles of where the AutoZoner resides. |
| **Demand for arbitration** | A demand for arbitration must be in writing and delivered by hand or first class mail to the other party within the applicable statute of limitations period. Any demand for arbitration made to AutoZone shall be provided to AutoZone Legal Department, P. O. Box 2198, Memphis, TN 38101-9842. The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration. |

*Continued on next page*

## AutoZone Dispute Resolution Agreement, Continued

**Parties' rights during arbitration**  In arbitration, the parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the arbitrator.

**Post arbitration**  Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve on the other party and file with the arbitrator a brief. The arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Agreement. The arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted or required by law, as determined by the arbitrator, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration. The arbitrator shall not have the power to commit errors of law or legal reasoning.

*Continued on next page*

## AutoZone Dispute Resolution Agreement, Continued

| | |
|---|---|
| **Class action waiver** | **There will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective or representative action ("Class Action Waiver"), and this Class Action Waiver means neither party will have the right to participate in or be a representative plaintiff in a class, collective or representative action.**<br><br>Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class, collective or representative action.<br><br>Although an AutoZoner will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, AutoZone may lawfully seek enforcement of this Agreement and the Class Action Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver is unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator. |
| **No retaliation** | It is against AutoZone's policy for any AutoZoner to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any AutoZoner believes that he or she has been retaliated against by anyone at AutoZone, the AutoZoner should immediately report this to the Human Resources department. |

*Continued on next page*

## AutoZone Dispute Resolution Agreement, Continued

**Enforceability of the agreement**

This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes.

Except as stated above regarding the Class Action Waiver, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver is deemed to be unenforceable, AutoZone and AutoZoner agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

**Acknowledgement of receipt**

I apply my electronic signature in AutoZone Policy Center to

- confirm that I have received the Dispute Resolution Agreement, and
- agree to be bound by the terms in the Agreement.

**Questions?**

Direct questions about dispute resolution to your manager/supervisor, HR or AutoZoner Relations.

# EXHIBIT B



# User Compliance Report
**Report Date:** 02/16/2018
All acknowledgments are reported in Greenwich Mean Time.

**Name:** DANIEL FELIX FIGUEROA SR  **Status:** Terminated
**EmployeeID:** 10468323  **Original Date of Hire:** 02/21/2011
**Department:** 3345  **Last Date of Hire:** 02/21/2011
**Job Code/Title:** S172, SPECIALIST,COMM

### Policies Acknowledged

| Policy Title | Document State | Date Acknowledged | Date Published | Date Archived |
|---|---|---|---|---|
| Fleet | Archived | 03/19/2011, 10:19 p.m. | 08/31/2010 | 04/26/2011 |
| Fleet, Field Management MVR | Archived | 03/19/2011, 10:20 p.m. | 08/27/2010 | 08/10/2012 |
| Handbook, Store Exceptions CA | Archived | 03/19/2011, 10:20 p.m. | 12/06/2010 | 05/31/2011 |
| Retail Chemical Waste Program, CA | Archived | 03/19/2011, 10:21 p.m. | 08/30/2010 | 06/14/2012 |
| Store Handbook and Code of Conduct FY2011, Manual de Tiendas y Codigo de Conducta | Archived | 03/19/2011, 10:21 p.m. | 12/06/2010 | 07/12/2011 |
| Fleet | Archived | 08/26/2011, 08:13 p.m. | 04/26/2011 | 09/10/2012 |
| Handbook, Store Exceptions CA | Archived | 08/26/2011, 08:13 p.m. | 05/31/2011 | 03/12/2012 |
| Social Media Networks | Archived | 08/26/2011, 08:13 p.m. | 06/16/2011 | 02/21/2012 |
| Store Attendance, Occurrence Points | Archived | 08/26/2011, 08:14 p.m. | 03/11/2011 | 02/09/2012 |
| Dispute Resolution Agreement 2011 | Published | 11/01/2011, 06:39 p.m. | 10/26/2011 | Current |
| Store Attendance, Occurrence Points | Archived | 02/28/2012, 06:45 p.m. | 02/09/2012 | 02/11/2013 |
| Store Handbook and Code of Conduct FY2012 | Archived | 02/28/2012, 06:45 p.m. | 01/30/2012 | 02/11/2013 |
| Handbook, Store Exceptions, CA | Archived | 02/28/2012, 09:55 p.m. | 02/21/2012 | 02/11/2013 |
| Religious Accommodation | Archived | 05/02/2012, 05:28 p.m. | 04/13/2012 | 02/11/2013 |
| Bonus Plan, CSM FY13 | Archived | 08/27/2012, 03:30 p.m. | 08/15/2012 | 09/30/2013 |
| Drug and Alcohol Policies Effective October 1, 2012 | Archived | 08/27/2012, 03:33 p.m. | 07/01/2012 | 02/11/2013 |
| WITTDTJR Scoreboard | Archived | 08/27/2012, 03:33 p.m. | 07/20/2012 | 04/24/2014 |
| Fleet | Archived | 09/15/2012, 11:20 p.m. | 09/10/2012 | 08/20/2013 |
| Handbook, Store Exceptions CA | Archived | 03/07/2013, 10:20 p.m. | 02/11/2013 | 01/20/2014 |
| Store Handbook and Code of Conduct FY2013 | Archived | 03/07/2013, 10:21 p.m. | 02/11/2013 | 01/20/2014 |
| Fleet Manual | Archived | 09/19/2013, 04:25 p.m. | 08/20/2013 | 12/08/2014 |
| Bonus Plan, CSM FY14 | Archived | 10/03/2013, 05:39 p.m. | 09/30/2013 | 08/28/2014 |
| Store Handbook and Code of Conduct 2014.1 | Archived | 01/21/2014, 04:29 p.m. | 01/20/2014 | 01/20/2015 |
| Store Handbook Exceptions CA 2014.1 | Archived | 01/21/2014, 04:29 p.m. | 01/20/2014 | 01/20/2015 |
| Social Media 2014.1 | Archived | 01/21/2014, 04:29 p.m. | 01/20/2014 | 08/18/2015 |
| Bonus Plan, CSM FY15.1 | Archived | 10/21/2014, 10:32 p.m. | 08/28/2014 | 02/07/2018 |
| Fleet Manual 14.1 | Archived | 12/10/2014, 06:14 p.m. | 12/09/2014 | 06/15/2015 |
| Store Handbook 2015.1 | Archived | 01/20/2015, 04:38 p.m. | 01/20/2015 | 07/06/2016 |
| Store Handbook Exceptions CA 15.1 | Archived | 01/20/2015, 04:38 p.m. | 01/20/2015 | 07/06/2016 |
| Leave of Absence Exceptions CA 15.1 | Archived | 02/04/2015, 09:09 p.m. | 02/02/2015 | 07/01/2015 |
| Code of Conduct Store DC 15.1 | Archived | 05/04/2015, 08:50 p.m. | 04/27/2015 | 07/21/2016 |
| Leave of Absence Exceptions CA 15.2 | Published | 07/20/2015, 04:00 p.m. | 07/01/2015 | Current |
| Fleet Manual 15.1 | Archived | 07/20/2015, 04:01 p.m. | 06/15/2015 | 10/23/2017 |
| In Store Environmental 15.1 | Archived | 01/30/2016, 04:23 p.m. | 09/11/2015 | 02/11/2016 |
| Handbook Exceptions CA FY17.1 | Published | 07/28/2016, 02:49 p.m. | 07/06/2016 | Current |
| Store Handbook FY17.1 | Published | 07/28/2016, 02:49 p.m. | 07/06/2016 | Current |
| Code of Conduct Store DC 16.1 | Archived | 07/28/2016, 02:49 p.m. | 07/08/2016 | 07/24/2017 |
| Dispute Resolution Agreement 16.1 | Published | 07/28/2016, 02:50 p.m. | 07/11/2016 | Current |
| Anti-Money Laundering 16.1 | Published | 11/26/2016, 06:42 p.m. | 11/01/2016 | Current |
| Code of Conduct Store DC 17.1 | Published | 07/25/2017, 04:06 p.m. | 07/24/2017 | Current |

Contact PolicyCenter@autozone.com for questions/information regarding this report.

| TimeZone Conversion Chart | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| GMT | EST (GMT -5) | EDT (GMT -4) | CST (GMT -6) | CDT (GMT -5) | MST (GMT -7) | MDT (GMT -6) | PST (GMT -8) | PDT (GMT -7) |

| 7:00 p.m. | 2 p.m. | 3 p.m. | 1 p.m. | 2 p.m. | 12 p.m. | 1 p.m. | 11 a.m. | 12 p.m. |
| 5:00 p.m. | 3 p.m. | 4 p.m. | 2 p.m. | 3 p.m. | 1 p.m. | 2 p.m. | 12 p.m. | 1 p.m. |

© 2015 AutoZone, Inc., All rights reserved

**CERTIFICATE OF SERVICE**
*Daniel Figueroa v. AutoZoners, LLC*
Case No. 2:18-cv-01106-ODW(MRWx)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA  92626.

On April 30, 2018, I served the following document(s):

**DECLARATION OF TODD WILLIAMS IN SUPPORT OF RESPONDENT AUTOZONERS, LLC'S MOTION TO COMPEL ARBITRATION AND STAY MATTER, OR,  IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FED. R. CIV. 12(B)(1)**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☒ **BY CM/ECF:** I filed the above referenced document with the Clerk of the United States District Court of Central District of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System.

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **(Federal):** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 30, 2018, at Costa Mesa, California.

Lisa Sles                                                                       *[signature]*
_____     _____
Type or Print Name                                                Signature

1
PROOF OF SERVICE

# SERVICE LIST

| | |
|---|---|
| William J. Gorham, Esq.<br>Nicholas J. Scardigli, Esq.<br>Robert J. Wasserman, Esq.<br>Jenny D. Baysinger, Esq.<br>MAYALL HURLEY, P.C.<br>2453 Grand Canal Boulevard<br>Stockton, California 95207-8253<br>Tel: (209) 477-3833<br>Fax: (209) 477-4818<br>Email: wgorham@mayallaw.com<br>nscardigli@mayallaw.com<br>rwasserman@mayallaw.com<br>jbaysinger@mayallaw.com | *Attorneys for Plaintiff*<br>*DANIEL FIGUEROA* |

33906023.1