# United States District Court
# Central District of California

| | |
|---|---|
| DANIEL FIGUEROA,<br><br>        Plaintiff,<br><br>    v.<br><br>AUTOZONERS, LLC; AND Does 1-100, inclusive,<br><br>        Defendants. | Case № 2:18-cv-01106-ODW (MRWx)<br><br>**ORDER GRANTING DEFENDANTS REVISED MOTION TO STAY [41]** |

## I. INTRODUCTION

Presently before the Court is Defendant's Revised Motion to Stay Proceedings pending the outcome in *Alvarez v. AutoZone*, a matter presently before this district. No. CV 5:14-cv-02471-VAP (APx). (ECF No. 41.) For the reasons that follow, Defendant's Motion is **GRANTED**.[1]

## II. FACTUAL BACKGROUND

Plaintiff Daniel Figueroa brought the instant action on February 8, 2018, on behalf of himself and all others similarly situated, alleging violations of the California Labor Code, and the California Fair Employment and Housing Act stemming from his

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

employment with Defendant Autozoners, LLC. (First Amended Compl. ("FAC"), ECF No. 21.) Specifically, Plaintiff's FAC included the following causes of action: 1) failure to furnish accurate wage statements; 2) failure to maintain accurate wage statements; 3) unlawful business practices; 4) Private Attorney General's Act Claim for Recovery of Civil Penalties ("PAGA"); 5) age discrimination; 6) disability discrimination; 7) failure to accommodate; 8) failure to engage in the interactive process; 9) denial of/interference with California Family Rights Act ("CFRA")/Family Medical Leave Act; 10) retaliation under the CFRA; 11) retaliation under the Fair Employment and Housing Act ("FEHA"); and 12) failure to prevent discrimination and retaliation. (FAC, ¶¶ 79–160.)

On April 30, 2018, Defendant filed a Motion to Compel Arbitration and Stay Pending Arbitration, or in the Alternative to Dismiss the Case. (Mot., ECF No. 24.) On July 5, 2018, Plaintiff filed a notice of dismissal, where he eliminated all but the fourth cause of action, his PAGA claim. (Notice of Dismissal, ECF No. 38.) As a result, the Court ordered Defendant to show cause why the Motion to Compel Arbitration was not moot. (ECF No. 39.) Defendant responded to the Order, and subsequently filed the instant Revised Motion. (ECF No. 41.)

In support of its Revised Motion to Stay, Defendant maintains that the First-to-File rule is applicable in this case, due to the existence of an earlier filed matter within this District, that shares similar parties and issues. The Court agrees.

### III. LEGAL STANDARD

Under the First-to-File rule, or comity doctrine, a district court may decline to exercise jurisdiction over an action when a complaint involving the same parties and issues has been filed in another district. *Pacesetter Sys., Inc. v. Medtronic Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). However, the First-to-File rule is not limited to cases brought in different districts. *See Wallerstein v. Dole Fresh Vegetables,* 967 F. Supp 2d. 1289, 1294 (N.D. Cal. 2013). This doctrine seeks to conserve limited judicial resources and avoid duplicate or inconsistent judgments on similar issues. *Id.* When

considering whether to apply the First-to-File rule, a court must consider: (1) the similarity of the parties; (2) the chronology of the two actions; and (3) the similarity of the issues. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). If a later filed action meets the first-to-file requirements, the second court may transfer, stay, or dismiss the case. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625–26 (9th Cir. 1991).

## IV. DISCUSSION

### A. SIMILARITY OF PARTIES

When analyzing the whether a similarity of parties triggers the First-to-File rule, an exact duplication of the parties is not necessary—the First-to-File rule requires only that the parties be substantially similar. *Kohn Law Grp.*, 787 F.3d at 1240.

Plaintiff's main thrust is that the two suits do not include identical parties. This argument misunderstands precedent, because identical parties are not required under the First-to-File rule. Moreover, courts often look to the parties' interests in determining similarity. *See Weinstein v. Metlife, Inc.*, No. C 06-0444 SI, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006) (quoting *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)) ("if the parties represent the same interests the court may determine the second action is duplicative.") (internal quotation marks omitted). Even though AutoZone, Inc. is not listed as a defendant in the instant action, their interests in defending this action can be inferred as the same because Defendant Autozoners here is a subsidiary and/or affiliate of AutoZone, Inc.

Defendant requested the Court take judicial notice of *Alvarez*, and a cursory review reveals that AutoZoners, LLC is named as a party-in-interest in *Alvarez*, as they employed Plaintiff at the time he initiated his action against the company.

Accordingly, this factor militates in favor of staying the action.

//
//

## B. CHRONOLOGY OF THE ACTIONS

It is undisputed that *Alvarez* was filed on December 1, 2014—more than three years prior to the filing of this action. (Revised Mot. to Stay, Ex. A.) Thus, *Alvarez* is the first-filed action, and this factor militates in favor of granting a stay.

## C. SIMILARITY OF ISSUES

The last factor that must be satisfied is the similarity of issues. *Alltrade*, 946 F.2d at 625. This factor does not require total uniformity of claims but rather focuses on the underlying factual allegations. *Red v. Unilever United States, Inc.*, No. 09-7855 MMM (AGRx), 2010 WL 11515197, at *5 (C.D. Cal. Jan. 25, 2010). In determining the similarity of issues, courts look to whether the issues presented in the two suits substantially overlap. *Kohn Law Grp.*, 787 F.3d at 1241.

Plaintiff argues that the lack of identical issues precludes stay, but identical issues are not required. *See Schwartz v. Frito–Lay N. Am.*, No. C-12-02740 (EDL), 2012 WL 8147135, at *3 (N.D. Cal. Sept. 12, 2012) ("The issues need not be precisely identical for the first-to-file rule to apply; the rule can apply even if the later-filed action brings additional claims").

*Alvarez* and the instant action share substantial overlap because they share strikingly similar factual allegations. Specifically, *Alvarez* involves an employer-employee relationship where the employer allegedly failed to pay wages under several California Labor Code Provisions. The instant case involves a similar employer-employee relationship and shares underlying violations. The Court is cognizant of the fact that Plaintiff's FAC included causes of action that were not pleaded in *Alvarez*, but notes that that Plaintiff voluntarily dismissed all causes of action but his PAGA claim—a claim that will be addressed in *Alvarez*.

Thus, this factor militates in favor granting a stay.

Given that all three factors weigh in favor of a stay, the First-to-File rule applies. In addition to the factors contemplated herein, the Court is also mindful of limited judicial resources, as well as the potential for inconsistent adjudication, which

also weigh in favor of a stay. "Efficiency is lost, and judicial resources are wasted" where multiple actions, comprised of substantially similar claims and parties, continue simultaneously. *See Treasure Garden, Inc. v. Red Star Traders, LLC*, No. CV 12-0857, 2013 WL 12121989, at *5 (C.D. Cal. Apr. 1, 2013).

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay is **GRANTED**.

It is hereby ordered:

1. That this matter is stayed, in its entirety, pending the conclusion of *Alvarez v. AutoZone*, No. CV 5:14-cv-02471-VAP (APx).

2. That all pending hearings are ordered off calendar until further order by the Court.

3. That the parties shall notify the Court within 14 days of the conclusion of said proceedings.

4. That the parties shall file a joint status report on or before April 30, 2019, and every ninety days thereafter.

**IT IS SO ORDERED.**

January 31, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**